# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Leon Howard, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| RealPage, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, Plaintiff, Leon Howard, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Leon Howard ("Plaintiff"), is an adult individual residing in Jonesboro, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, RealPage, Inc. ("RealPage"), is a Texas business entity with an address of 2201 Lakeside Boulevard, Richardson, Texas 75082. RealPage is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u). RealPage regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Within the last year, Plaintiff applied for housing with CV Park West ("CV").

7. Thereafter, CV submitted Plaintiff's information to RealPage for a background screening report.

8. RealPage performed the background screening report, which included a criminal records search, and furnished the results to CV.

9. Upon CV's receipt of the report, Plaintiff was informed that he was denied housing.

10. The information provided by RealPage to CV is inaccurate, as the crimes reported are related to Linnea Howard. Plaintiff is not Linnea Howard.

11. The inaccurate report contains damaging information to Plaintiff's character and reputation.

12. After receiving notification that his application for housing with CV was denied, Plaintiff disputed the report to RealPage.

13. RealPage assured Plaintiff the inaccuracy would be fixed.

14. Thereafter, Plaintiff submitted an application for housing with Central GA Reality ("Central").

15. Central submitted Plaintiff's information to RealPage for a background screening report.

16. Upon Centrals's receipt of the report, Plaintiff was informed that he was denied housing.

17. Again, the information provided by RealPage to Central was inaccurate, and still contained crimes committed by Linnea Howard.

18. In addition to having his CV and Central applications denied, which prevents Plaintiff from obtaining housing, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

19. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to CV and Central.

20. At all times pertinent hereto, the conduct of RealPage, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

23. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

24. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

25. These failures directly caused CV and Central to reject Plaintiff, which has damaged Plaintiff.

26. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3)

of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 15, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Leon Howard
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com