IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEON HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 1:19-cv-1688-TWT-CCB |
| | ) | |
| REALPAGE, INC.; and DOES | ) | |
| 1–10; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT REALPAGE, INC.'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant RealPage, Inc ("RealPage"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Amended Complaint (the "Complaint" [Doc. 11]) of Plaintiff Leon Howard ("Plaintiff").  RealPage denies all allegations in the Complaint that RealPage does not expressly admit in this Answer.

RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

1

## Jurisdiction and Venue

1.      RealPage admits that this action purports to relate to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  RealPage denies the remaining allegations in paragraph 1 of the Complaint.

2.      The allegations in paragraph 2 of the Complaint state a legal conclusion to which no response is required.  To the extent the allegations in paragraph 2 are contrary to law, they are denied.

3.      The allegations in paragraph 3 of the Complaint state a legal conclusion to which no response is required.  To the extent the allegations in paragraph 3 are contrary to law, they are denied.

## Parties

4.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint regarding Plaintiff's residency and, therefore, denies the same.  The remaining allegations in paragraph 4 of the Complaint state a legal conclusion to which no response is required.  To the extent those allegations in paragraph 4 are contrary to law, they are denied.

5.      RealPage admits that it maintains an office at 2201 Lakeside Boulevard, Richardson, Texas 75082.  RealPage denies that it is a Texas business entity.  The remaining allegations in paragraph 5 of the Complaint state legal

conclusions to which no response is required. To the extent those allegations in paragraph 5 are contrary to law, they are denied.

## Allegations

6.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7.      The allegations in Paragraph 7 of the Complaint refer to documents that speak for themselves and, therefore, no response is required. RealPage denies the allegations in Paragraph 7 of the Complaint to the extent they are inconsistent with the documents.

8.      The allegations in Paragraph 8 of the Complaint refer to documents that speak for themselves and, therefore, no response is required. RealPage denies the allegations in Paragraph 8 of the Complaint to the extent they are inconsistent with the documents.

9.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10.     The allegations in paragraph 10 of the Complaint state legal conclusions to which no response is required. To the extent that those allegations in

paragraph 10 are contrary to law, they are denied.  The remaining allegations in paragraph 10 of the Complaint refer to a document.  RealPage denies the allegations in paragraph 10 to the extent those allegations are inconsistent with the document.

11.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

13.     RealPage admits that it received communications from a "Leon Howard" in or about January 2019, however, Plaintiff's "dispute" characterization in Paragraph 13 seeks a legal conclusion to which no response is required.  To the extent the "dispute" allegations in Paragraph 13 are contrary to law, they are denied. RealPage denies the remaining allegations in paragraph 13 of the Complaint.

14.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies the same.

15.     The allegations in Paragraph 15 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  RealPage denies

the allegations in Paragraph 15 of the Complaint to the extent they are inconsistent with the documents.

16.     The allegations in Paragraph 16 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  RealPage denies the allegations in Paragraph 16 of the Complaint to the extent they are inconsistent with the documents.

17.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

18.     The allegations in paragraph 18 of the Complaint state legal conclusions to which no response is required.  To the extent that those allegations in paragraph 18 are contrary to law, they are denied.  The remaining allegations in paragraph 18 of the Complaint refer to a document.  RealPage denies the allegations in paragraph 18 to the extent those allegations are inconsistent with the document.

19.     The allegations in Paragraph 19 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  RealPage denies the allegations in Paragraph 19 of the Complaint to the extent they are inconsistent with the documents.

20.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

21.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the same.

22.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies the same.

23.     RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies the same.

24.     The allegations in Paragraph 24 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  RealPage denies the allegations in Paragraph 24 of the Complaint to the extent they are inconsistent with the documents.  RealPage denies the remaining allegations in paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  RealPage denies

the allegations in Paragraph 25 of the Complaint to the extent they are inconsistent

with the documents.  RealPage denies the remaining allegations in paragraph 25 of

the Complaint.

26.    RealPage lacks information sufficient to form a belief as to the truth of

the allegations contained in paragraph 26 of the Complaint and, therefore, denies the

same.  RealPage denies the remaining allegations in paragraph 26 of the Complaint.

27.    RealPage denies the allegations in paragraph 27 of the Complaint.

28.    RealPage denies the allegations in paragraph 28 of the Complaint.

## Count I

29.    RealPage repeats its responses to the allegations contained in the

foregoing paragraphs as though fully set forth herein.

30.    The allegations in paragraph 30 of the Complaint purport to quote the

text of the FCRA.  RealPage denies the allegations in paragraph 30 to the extent

those allegations are inconsistent with the FCRA.

31.    RealPage denies the allegations in paragraph 31 of the Complaint.

32.    RealPage denies the allegations in paragraph 32 of the Complaint.

33.    RealPage denies the allegations in paragraph 33 of the Complaint.

///

///

## Count II

34.     RealPage repeats its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

35.     The allegations in paragraph 35 of the Complaint purport to quote the text of the FCRA.  RealPage denies the allegations in paragraph 35 to the extent those allegations are inconsistent with the FCRA.

36.     RealPage denies the allegations in paragraph 36 of the Complaint.

37.     RealPage denies the allegations in paragraph 37 of the Complaint.

38.     RealPage denies the allegations in paragraph 38 of the Complaint.

## Prayer for Relief

RealPage denies the allegations contained in the unnumbered paragraph beginning with "WHEREFORE" following paragraph 38 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested therein.

## Jury Trial Demand

RealPage acknowledges that Plaintiff demands a trial by jury.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RealPage bears the burden of proof as to any of them, RealPage asserts the following defenses.  RealPage intends to rely on any

additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against RealPage, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from RealPage.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information RealPage communicated to any third person regarding Plaintiff was accurate.

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the FCRA, 15 U.S.C. § 1681 *et seq.*

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the FCRA.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that some or all of his claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, or by the doctrine of laches.

## NINTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against RealPage, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  RealPage is also

entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## TENTH ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff were not caused by RealPage, but by intervening causes.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

## TWELFTH ADDITIONAL DEFENSE

RealPage reserves the right to assert additional defenses as they become known.

## PRAYER FOR RELIEF

WHEREFORE, RealPage requests that this Court enter a judgment:

1.  denying Plaintiff any and all relief in this case;

2.  dismissing Plaintiff's claims in their entirety;

3.  dismissing this case in its entirety with prejudice;

4.  awarding RealPage its costs and attorneys' fees incurred in this case; and

5.     granting RealPage all other relief that the Court deems just and

proper.


Respectfully submitted, this 7th day of August 2019.

/s/ Alexander S. King
Alexander S. King
Georgia Bar No. 590607


TROUTMAN SANDERS LLP
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
Telephone:   404-885-3000
Facsimile:    404-885-3900
E-mail: alexander.king@troutman.com

David M. Gettings (pro hac vice)
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:   757-687-7500
Facsimile:    757-687-7410
E-mail: dave.gettings@troutman.com

*Counsel for Defendant RealPage, Inc.*

## <u>LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing pleading filed with the Clerk of Court has

been prepared in 14-point Times New Roman font in accordance with Local Rule

5.1(C).

This 7th day of August 2019.

/s/ Alexander S. King
Alexander S. King
Georgia Bar No. 590607

39620783v1